IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LEWIS LEROY MCINTYRE, JR. | ) | CASE NO. 5:13-cv-00694 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE GREG WHITE |
| | ) | |
| BENNIE KELLY, Warden | ) | |
| | ) | |
| Respondent. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |

Petitioner, Lewis Leroy McIntyre, Jr. ("McIntyre"), challenges the constitutionality of his conviction in the case of *State v. McIntyre*, Summit County Court of Common Pleas Case No. CR-09-03-0647.  McIntyre, *pro se*, filed his Petition for a Writ of Habeas Corpus (ECF No. 1) pursuant to 28 U.S.C. § 2254 on March 29, 2013.  On July 2, 2013, Warden Bennie Kelly ("Respondent") filed his Answer/Return of Writ.  (ECF No. 11.)  On July 11, 2013, McIntyre filed a Traverse (ECF No. 13) and Amended Traverse.  (ECF No. 14.)  On August 6, 2013, at the Court's direction, Respondent filed a Notice of Supplement to the State Court Record, which included a copy of the *voir dire* transcript.  (ECF No. 18.)  McIntyre filed a Response and Amended Response to the supplement.  (ECF Nos. 19 & 20.)  For reasons set forth in detail

below, it is recommended that McIntyre's petition be DENIED.

## I. Procedural History

### A. Conviction

On March 12, 2009, a Summit County Grand Jury charged McIntyre with one count of tampering with evidence in violation of Ohio Revised Code ("O.R.C.") § 2921.12(A)(1), one count of petty theft in violation of O.R.C. § 2913.0(A)(3), and one count of obstructing justice in violation of O.R.C. § 2921.32(A)(4). (ECF No. 11-1, Exh. 2.) On July 2, 2009, a supplemental indictment added one count of tampering with records in violation of O.R.C. § 2913.42(A)(1)(B)(4), and one count of obstructing justice in violation of O.R.C. § 2921.32(A)(6).

At trial, the court dismissed one count of obstructing justice in violation of O.R.C. § 2921.32(A)(4), pursuant to Ohio Rule of Criminal Procedure 29. (ECF No. 11-13, Exh. 13.) A jury found McIntyre guilty of the remaining charges. *Id.* On July 22, 2009, McIntyre was sentenced to an aggregate prison term of four years.

### B. Direct Appeal

On August 27, 2009, McIntyre, through counsel, filed a Notice of Appeal with the Court of Appeals for the Ninth Appellate District ("state appellate court") raising the following assignments of error:

1. The trial court violated McIntyre's constitutional rights under the fifth, sixth, and fourteenth amendments of the United States Constitution by depriving him of his right to self-representation.

2. The convictions for tampering with records and obstruction of justice are void because he was never arraigned on the charges in violation of Criminal Rule 10 and the right to due process.

> 3. The trial court committed plain error by sentencing appellant on a felony count of obstruction of justice, because the verdict forms failed to state the degree of the offense.

(ECF No. 11-19, Exh. 19.)

On June 9, 2010, McIntyre's first two assignments of error were overruled, but the third was sustained. (ECF No. 11-21, Exh. 21.) Thereafter, McIntyre, *pro se*, filed a motion for reconsideration (ECF No. 11-22, Exh. 22), which was denied. (ECF No. 11-27, Exh. 27.)

There is no indication whether McIntyre pursued his direct appeal to the Supreme Court of Ohio.

**C. Application to Reopen Appeal**

Shortly thereafter, on June 21, 2010, McIntyre, *pro se*, filed an application to reopen his appeal pursuant to Ohio Appellate Rule 26(B) raising the following claims:

> 1. Appellant's counsel on direct appeal performance was ineffective in that appellate counsel's representation was deficient with respect to assignment of error two being that counsel failed to provide the court of appeals with the transcript of the proceedings necessary to support his contention to which such deficiency prejudicially affected the outcome of appellant's appeal.
>
> 2. Appellant's counsel was ineffective on direct appeal for failure to brief and argue the trial court committed plain error by sentencing [McIntyre] on a felony count of tampering with evidence because the verdict forms failed to state the degree of the offense or additional aggravating elements in violation of R.C. 2945.75(A)(2).
>
> 3. Appellant's counsel was ineffective upon appeal when he failed to brief and argue the fact that the trial court erred to the prejudice of the appellant by sentencing him for the offense of petty theft even though appellant was not found guilty of petty theft as charged in the indictment.
>
> 4. Appellant's counsel was ineffective on direct appeal for failure to raise as error ineffective assistance of trial counsel when trial counsel fails to raise an objection that tampering with evidence and tampering with records are allied offenses of similar import: and appellant cannot be convicted of both if the charges originated from the same conduct – R.C. 2941.25(A). A

> defendant's right to due process and the right to be free from double jeopardy is violated when he or she receives multiple convictions on the two charges that are allied offenses of similar import.
>
> 5. Appellant's counsel was ineffective upon appeal when he failed to assign as error the judgment of conviction for tampering with evidence and tampering with record was contrary to the manifest weight of the evidence.

(ECF No. 11-23, Exh. 23.)

The state appellate court granted McIntyre's motion to reopen, but allowed only two of the issues raised: (1) whether the convictions for tampering with records and obstruction of justice were void because McIntyre was not arraigned on the charges in violation of Ohio Criminal Rule 10 and the right to due process; and, (2) whether the trial court committed plain error by sentencing McIntyre on the allied offenses of tampering with records and tampering with evidence. (ECF No. 11-27, Exh. 27.) The court also appointed counsel to represent McIntyre. *Id.* On March 21, 2012, the court overruled the first assignment of error, but sustained the second and remanded for resentencing. (ECF No. 11-30, Exh. 30.)

On April 10, 2012, McIntyre, *pro se*, filed an appeal with the Supreme Court of Ohio raising one proposition of law:

> The convictions for tampering with records and obstruction of justice are void because Lewis Leroy McIntyre, Jr., Defendant-Appellant was never arraigned on the charges in violation of Criminal Rule 10 and the right to due process.

(ECF No. 11-34, Exh. 34.)

On June 20, 2012, the appeal was dismissed as not involving any substantial constitutional question.[1] (ECF No. 11-35, Exh. 35.)

---

[1] Subsequently, McIntyre filed an appeal from his resentencing and a petition for post-conviction for relief – neither of which are material to the resolution of this petition.

-4-

**D. Federal Habeas Petition**

On March 29, 2013, McIntyre filed a Petition for Writ of Habeas Corpus asserting a lone ground for relief:

> GROUND ONE: The convictions for tampering with records and obstructing justice are void because petitioner was never arraigned on the charges in violation of Criminal Rule 10 and the right to due process.

(ECF No. 1 at 5.)

## II. Review on the Merits[2]

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997). The relevant provisions of AEDPA state:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (1996).

Clearly established federal law is to be determined by the holdings of the United States Supreme Court. *See Parker v. Matthews,* 132 S. Ct. 2148, 2012 WL 2076341, *6 (U.S. Jun. 11, 2012); *Renico v Lett,* 559 U.S. –, 130 S.Ct. 1855, 1865-1866 (2010); *Williams v. Taylor*, 529

---

[2] The Respondent has not argued that McIntyre's lone ground for relief is unexhausted or procedurally defaulted.

U.S. 362, 412 (2000); *Ruimveld v. Birkett*, 404 F.3d 1006, 1010 (6th Cir. 2005).  However, an explicit statement by the Supreme Court is not mandatory; rather, "the legal principles and standards flowing from [Supreme Court] precedent" also qualify as "clearly established law." *Ruimveld*, 404 F.3d at 1010 (*quoting Taylor v. Withrow*, 288 F.3d 846, 852 (6th Cir. 2002))  The Supreme Court has indicated, however, that circuit precedent does not constitute "clearly established Federal law, as determined by the Supreme Court."  *Parker*, 2012 WL 2076341, *6; *Howes v. Walker,* 132 S.Ct. 2741, 2012 WL 508160 (2012).

A state court's decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."  *Williams v. Taylor*, 529 U.S. at 413.  By contrast, a state court's decision involves an unreasonable application of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  *Id*.  However, a federal district court may not find a state court's decision unreasonable "simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.  Rather, a federal district court must determine whether the state court's decision constituted an objectively unreasonable application of federal law.  *Id.* at 410-12.  "This standard generally requires that federal courts defer to state-court decisions."  *Strickland v. Pitcher*, 162 Fed. Appx. 511, 516 (6th Cir. 2006) (*citing Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir. 1998)).

In *Harrington v. Richter*, ––– U.S. ––––, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011), the

Supreme Court held that as long as "fairminded jurists could disagree on the correctness of the state court's decision," relief is precluded under the AEDPA. *Id*. at 786 (internal quotation marks omitted). The Court admonished that a reviewing court may not "treat[ ] the reasonableness question as a test of its confidence in the result it would reach under *de novo* review," and that "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 785. The Court noted that Section 2254(d) "reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems" and does not function as a "substitute for ordinary error correction through appeal." *Id*. (internal quotation marks omitted). Therefore, a petitioner "must show that the state court's ruling ... was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 786–87. This is a very high standard, which the Supreme Court readily acknowledged. *See id.* at 786 ("If this standard is difficult to meet, that is because it is meant to be.")

**A. Ground One: Supplemental Indictment**

In his sole ground for relief, McIntyre asserts that his convictions for tampering with records and obstructing justice are void because he was never arraigned on those charges in violation of Ohio Criminal Rule 10 and his federal constitutional right to due process. (ECF No. 1.)

McIntyre's argument that the State violated Ohio Criminal Rule 10 is not a cognizable claim upon federal habeas review. The United States Supreme Court has "stated many times that 'federal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (*quoting Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)); *see also Pulley v. Harris*,

-7-

465 U.S. 37, 41 (1984).  "Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241." *Estelle*, 502 U.S. at 67-68 (*citing Rose v. Hodges*, 423 U.S. 19, 21 (1975) (*per curiam* )); *see also Buell v. Mitchell*, 274 F.3d 337, 356 (6th Cir. 2001) (failure to give state-law mandated jury instruction "would be an error under state law that does not provide a basis for habeas relief"); *Hicks v. Collins*, 384 F.3d 204, 220 (6th Cir. 2004) (finding that to the extent the petitioner premised his argument upon a violation of an Ohio criminal rule, there was no constitutional violation cognizable on habeas); *Nicholson v. Hudson*, 2008 WL 818784 (N.D. Ohio, Mar. 24, 2008) ("Federal habeas relief is not available for a claimed violation of state law.")

Moreover, the state appellate court found as follows:

> [*P11]  Mr. McIntyre does not dispute that he received a copy of the supplemental indictment.  Nor does he dispute that he and his counsel had knowledge of the substance of the additional charges against him.  Instead, he argues, without supporting legal authority, that because the trial court did not actually read the text of the indictment aloud to him as required by Crim.R. 10(A), his convictions were void.  It is true that the trial court neither read the indictment nor stated the substance of the charge to Mr. McIntyre.  However, we conclude that the court's failure, while constituting error, was harmless.  Crim.R. 52(A) ("Any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded.")

> [*P12]  Throughout the proceedings, Mr. McIntyre was represented by counsel.  On the first day of trial, Mr. McIntyre claimed that he had never received the supplemental indictment.  His counsel, however, never claimed to have not seen the indictment and, in fact, was surprised that Mr. McIntyre denied having received the supplemental indictment.  The trial court then asked the prosecutor what the charges were against Mr. McIntyre.  The prosecutor informed the court, in Mr. McIntyre's presence, that "Count 1 is Tampering with Evidence * * *. Count 2 is Petty Theft.  Count 3 is Obstructing Justice. * * * Count 4 is Tampering with Records.  And Count 5 is Obstructing Justice, and that is a

> Felony of the [fif]th degree."
>
> [*P13]  Crim.R. 10(A) does require either that the indictment be read aloud or that the court state the substance of the charge.  The record indicates that, after Mr. McIntyre claimed that he had not been served with the supplemental indictment, a deputy went to the jail and proceeded to personally deliver the supplemental indictment to Mr. McIntyre; however, Mr. McIntyre refused to sign for the document.  The record also indicates that Mr. McIntyre and his counsel were aware of the charges contained in the supplemental indictment.  He has not explained how he was prejudiced by the supplemental indictment not being read aloud.  Given the record in this matter, Mr. McIntyre's substantial rights were not violated.  *See, e.g., State v. Monnette*, 3rd Dist. No. 9-08-33, 2009 Ohio 1653, ¶ 11; *see also State v. Adkison*, 9th Dist. No. 9869, 1981 Ohio App. LEXIS 12391, 1981 WL 3931, *1-*2 (Apr. 8, 1981), *citing Garland v. Washington*, 232 U.S. 642, 34 S. Ct. 456, 58 L. Ed. 772 (1914).
>
> [*P14]  Under the circumstances of this case, we conclude that any error by the trial court in not reading the supplemental indictment aloud was harmless error.  See Crim.R. 52(A).

*State v. McIntyre*, 2012-Ohio-1173 at ¶ , P10-P14 (Ohio Ct. App., Summit County Mar. 21, 2012)

The state appellate court found that Ohio Criminal Rule 10 had either not been violated or that any violation was harmless as it did not impact a substantive right.  Though McIntyre plainly believes that the state appellate court's decision was incorrect, this Court simply cannot overrule the interpretation of state law.  *See, e.g., Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) ("Federal courts are obligated to accept as valid a state court's interpretation of state law and rules of practice of that state.")  To the contrary, "[a] federal habeas court must therefore defer to a state appellate court's construction of the elements of state crimes."  *Riley v. Woods*, 2010 U.S. Dist. LEXIS 81453 at **11-12 (E.D. Mich., Aug. 11, 2010) (*citing Sanford v. Yukins*, 288 F. 3d 855, 862 (6th Cir. 2002); *Coe v. Bell*, 161 F. 3d 320, 347 (6th Cir. 1998)).  As such, this claim is not cognizable.

McIntyre also argues that the alleged failure to arraign on the charges contained in the supplemental indictment resulted in a federal due process violation.  (ECF No. 1.)  The United States Supreme Court has held that "[d]ue process of law ... does not require the State to adopt any particular form of procedure, so long as it appears that the accused has had sufficient notice of the accusation and an adequate opportunity to defend himself in the prosecution." *Garland v. Washington*, 232 U.S. 642, 645 (1914) (finding that the lack of a formal arraignment did not deprive the accused of any substantial right or change the course of trial to his disadvantage) (*citing Rogers v. Peck*, 199 U.S. 425, 435 (1905)); *United States v. Dusenbery*, 78 Fed. Appx. 443, 447 (6th Cir. 2003) ("a defendant's right to an arraignment may be waived, and the waiver will be implied if the defendant proceeds to trial without objection").  On the morning of July 8, 2009, prior to the commencement of trial, McIntyre, through counsel, expressly waived any objection to the timeliness or manner of serving the supplemental indictment.[3]  (ECF No. 18-2, Tr. 128.)

Moreover, it is well-settled that the federal guarantee of a grand jury indictment does not apply to the states.  *See e.g. Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984); *Fortson v. Morgan*, 2012 WL 1854305 at * 7 (N.D. Ohio March 27, 2012).  In addition, "the Constitution does not require any particular state indictment rule . . . [or] an indictment at all if sufficient notice of the charges is given in some other manner." *Koontz,* 731 F.2d at 369.  Nevertheless, the Supreme Court has recognized that a state defendant's right to fair notice and an opportunity to defend is protected by the Due Process Clause of the Fourteenth Amendment.  *See Jackson,* 443

---

[3] The jury was sworn *after* the waiver occurred.  (ECF No. 18-2, Tr. 132.)  The *voir dire* proceedings, however, occurred the previous afternoon on July 7, 2009.  (ECF No. 18-1, Tr. 1.)

U.S. at 314 ("It is axiomatic that a conviction upon a charge not made or upon a charge not tried constitutes a denial of due process."); *Cole v. Arkansas*, 333 U.S. 196, 201 (1948).  In the habeas context, "due process mandates only that the indictment provide the defendant with 'fair notice of the charges against him to permit adequate preparation of his defense.' " *Williams v. Haviland*, 467 F.3d 527, 535 (6th Cir. 2006) (quoting *Koontz,* 731 F.2d at 369).  Fair notice has been given when "the offense [is] described with some precision and certainty so as to apprise the accused of the crime with which he stands charged.  Such definiteness and certainty are required as will enable a presumptively innocent man to prepare for trial."  *Koontz*, 731 F.2d at 369; *see also Williams*, 731 F.2d at 535.

Despite McIntyre's allegations to the contrary (ECF No. 13 at 5-6), there is no evidence that defense counsel was unaware of the charges in the supplemental indictment.[4]  During the discussions on the issue, counsel never indicated that he was surprised by the charges contained in the supplemental indictment or that he needed additional time to prepare for trial.  Furthermore, while the state appellate court opinions do not discuss the factual circumstances of the charges, it is clear from the face of the indictments that the multiple charges of tampering and obstruction of justice in both all relate to McIntyre's actions on or about December 1, 2008.  (ECF Nos. 11-2 & 11-12.)  Tellingly, McIntyre's briefs do not argue that he lacked sufficient notice of the charges against him to permit his counsel to prepare an adequate defense.  (ECF Nos. 13, 14, 19, 20.)  Instead, McIntyre focuses on perceived technical deficiencies in complying with state rules that simply do not provide a basis for habeas relief.  Therefore, this Court does

---

[4] McIntyre's traverse appears to concede that a deputy went to the Summit County jail to personally deliver to him a copy of the supplemental indictment, but that he refused to sign for the document.  (ECF No. 13 at 3.)

not find that McIntyre lacked fair notice of the charges against him.

As such, McIntyre's allegation that his right to due process was violated when he was not arraigned in accordance with Ohio's procedural rules is without merit.

### III.  Conclusion

For the foregoing reasons, it is recommended that McIntyre's Petition be DENIED.

/s/ Greg White
U.S. MAGISTRATE JUDGE

Date: May 28, 2014

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).**